**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **JAMES ANDERSON, *et al*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 3:19-cv-00219** |
| ) | |
| **JACOBS ENGINEERING GROUP, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs, pursuant to Fed. R. Civ. P. 15(a)(1), file the following First Amended
Complaint, which supersedes the original Complaint.

## STATEMENT OF THE CASE

1.  This is a civil action for personal injuries suffered by Plaintiffs as workers and their
spouses arising out of the cleanup of over 5 million cubic yards of coal fly ash sludge
released by the catastrophic failure of an impoundment dike at the Tennessee Valley
Authority's Kingston Plant on December 22, 2008. The cleanup continued for more than
five years with the Plaintiffs in this case working in several jobs during the cleanup for
TVA contractors other than Jacobs, some for many years. As a result of their exposure to
coal fly ash, which was composed of fine particulate matter, toxic metals, such as arsenic,
cadmium, chromium, lead, nickel, and vanadium, as well as radioactive material, during
the cleanup operations by inhalation, skin contact, and unintentional ingestion, Plaintiffs

have suffered from serious diseases, including hypertension, coronary artery disease, lung cancer, leukemia, non-melanoma skin cancer, allergic contact dermatitis (skin allergy), peripheral neuropathy, asthma, chronic obstructive pulmonary disease, and adverse respiratory conditions, such as cough, sore throat, shortness of breath on exertion, chest pain or discomfort, bronchitis and emphysema. Plaintiffs also include the spouses of some of the cleanup workers, who have claims for loss of consortium. Plaintiffs are suing Jacobs as the contractor whom TVA hired to supervise the entire cleanup operation, including protecting worker health and safety.

**JURISDICTION AND VENUE**

2.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1332(a).   Plaintiffs are residents of the State of Tennessee, and Defendant is a foreign corporation organized under the laws of the State of Delaware with its principle office in the State of Texas.

3.      Venue is appropriate in this District because the acts and omissions giving rise to this action occurred in this District.

**PARTIES**

4.      Plaintiff James Anderson is a citizen of Fentress County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, and possible other diseases, suffered by Plaintiff.

5.     Plaintiff Rachael Anderson is the spouse of Plaintiff James Anderson and is a citizen of Fentress County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

6.     Plaintiff Sandra Ausburn is the mother and next of kin for Stephen Ausburn, and is a citizen and resident of Roane County, Tennessee.  Stephen Ausburn was also a citizen and resident of Roane County, Tennessee prior to his death.  Stephen Ausburn was a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant.  This exposure was at least a substantial factor in causing or aggravating the hypertension, emphysema, anthracosis, coronary artery disease, and possible other diseases, suffered by Stephen Ausburn.

7.     Plaintiff Grant Bailey is a citizen of Anderson County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases, suffered by Plaintiff.

8.     Plaintiff Michelle Bailey is the spouse of Plaintiff Grant Bailey and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

9.      Plaintiff Darwin Beaty is a citizen of Cumberland County, Tennessee. Plaintiff was employed as a mechanic/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, and possible other diseases, suffered by Plaintiff.

10.     Plaintiff Eric Bell is a citizen of Rhea County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the allergic contact dermatitis, asthma, respiratory conditions, chest pains, and possible other diseases, suffered by Plaintiff.

11.     Plaintiff Tymri Bell is the spouse of Plaintiff Eric Bell and is a citizen of Rhea County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

12.     Plaintiff Michael T. Bernier is a citizen of Loudon County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This

exposure was at least a substantial factor in causing or aggravating the hypertension, and possible other diseases, suffered by Plaintiff.

13.     Plaintiff Dana Bernier is the spouse of Plaintiff Michael Bernier and is a citizen of Loudon County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

14.     Plaintiff Edwin M. Bledsoe is a citizen of Knox County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, respiratory conditions and possible other diseases suffered by Plaintiff.

15.     Plaintiff Darril Blevins is a citizen of Knox County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, peripheral neuropathy, asthma, COPD, respiratory conditons and possible other diseases suffered by Plaintiff.

16.     Plaintiff Nancy Blevins is the spouse of Plaintiff Darril Blevins and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the

illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

17.      Plaintiff Stephen Boardman is a citizen of Knox County, Tennessee. Plaintiff was employed as an laborer/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Plaintiff.

18.      Plaintiff James Bolling is a citizen of Morgan County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, and possible other diseases, suffered by Plaintiff.

19.      Plaintiff Rebecca Bolling is the spouse of Plaintiff James Bolling and is a citizen of Morgan County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

20.      Plaintiff Wade Boos is a citizen of Midland County, Texas. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a

substantial factor in causing or aggravating the respiratory conditions and possible other diseases, suffered by Plaintiff.

21. Plaintiff Pamela Karen Braden is the spouse of Jeffery Scott Braden, deceased. Pamela Braden is a citizen and resident of Anderson County, Tennessee. Jeffery Scott Braden was also a citizen and resident of Anderson County, Tennessee prior to his death. Jeffery Scott Braden was a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, COPD, Respiratory Conditions and possible other diseases suffered by Jefferey Scott Braden.

22. Plaintiff Robert Neil Brock is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the neurological disease, skin disorders and possible other diseases suffered by Plaintiff.

23. Plaintiff Wendy Brock is the spouse of Plaintiff Robert and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

24.     Plaintiff Maxwell Bylliot is a citizen of Hancock County, Mississippi. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions, skin disorders and possible other diseases suffered by Plaintiff.

25.     Plaintiff Betty Bylliot is the spouse of Plaintiff Maxwell Bylliot and is a citizen of Hancock County, Mississippi. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

26.     Plaintiff Richard G. Choate is a citizen of Fentress County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, allergic contact dermatitis, respiratory conditions and possible other diseases suffered by Plaintiff.

27.     Plaintiff Sherry Choate is the spouse of Plaintiff Richard Choate and is a citizen of Fentress County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

28. Plaintiff Matthew Thomas Clabough is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the allergic contact allergic contact dermatitis, peripheral neuropathy, respiratory conditions and possible other diseases suffered by Plaintiff.

29. Plaintiff Amy Clabough is the spouse of Plaintiff Matthew Clabough and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

30. Plaintiff Michael Cofer is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Plaintiff.

31. Plaintiff Brandi Cofer is the spouse of Plaintiff Michael Cofer and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

32.     Plaintiff Samuel David Collins is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Plaintiff.

33.     Plaintiff Lyndsay Collins is the spouse of Plaintiff Samuel David Collins and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

34.     Plaintiff Rhonda Collins is the spouse of Joey W. Collins, deceased.   Rhonda Collins is a citizen and resident of Union County, Tennessee.  Joey W. Collins was also a citizen and resident of Union County, Tennessee prior to his death.  Joey W. Collins was a operator/ cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant.  This exposure was at least a substantial factor in causing or aggravating the hypertension, cancer and possible other diseases suffered by Joey W. Collins.

35.     Plaintiff David Crowley is a citizen of Anderson County, Tennessee. Plaintiff was employed as a operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This

exposure was at least a substantial factor in causing or aggravating the cancer and possible other diseases suffered by Plaintiff.

36.     Plaintiff Patricia Crowley is the spouse of Plaintiff David Crowley and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

37.     Plaintiff Freddie Daniels is a citizen of Blount County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

38.     Plaintiff Mary Davis is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

39.     Plaintiff Justin Duncan is a citizen of Morgan County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a

substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

40. Plaintiff Kerri Duncan is the spouse of Plaintiff Justin Duncan and is a citizen of Morgan County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

41. Plaintiff Stephen R. Dunn is a citizen of Rhea County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the skin disorders and possible other diseases suffered by Plaintiff.

42. Plaintiff Brenda Dyer is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the skin disorders and possible other diseases suffered by Plaintiff.

43. Plaintiff Jason Foster is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a

substantial factor in causing or aggravating the skin disorders and possible other diseases suffered by Plaintiff.

44. Plaintiff Charle Derek Goins is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

45. Plaintiff Timothy E. Greene is a citizen of Hawkins County, Tennessee. Plaintiff was employed as a teamster/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the peripheral neuropathy, cancer, respiratory conditions and possible other diseases suffered by Plaintiff.

46. Plaintiff Robin Greene is the spouse of Plaintiff Timothy Greene and is a citizen of Hawkins County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

47. Plaintiff Deborah Gunter is a citizen of Cumberland County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious,

fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

48.     Plaintiff Dustin Hall is a citizen of McMinn County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

49.     Plaintiff Heather Hall is the spouse of Plaintiff Dustin Hall and is a citizen of McMinn County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

50.     Plaintiff Richard Harwood is a citizen of Hamblin County, Tennessee. Plaintiff was employed as a operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, coronary artery disease, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

51.     Plaintiff Carole Harwood is the spouse of Plaintiff Richard Harwood and is a citizen of Hamblen County, Tennessee. Plaintiff brings this action for loss of consortium as a result

of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

52. Plaintiff William Hazzard is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, respiratory conditions and possible other diseases suffered by Plaintiff.

53. Plaintiff Ladena Hazzard is the spouse of Plaintiff William Hazzard and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

54. Plaintiff Millard Hendrickson is a citizen of Roane County, Tennessee. Plaintiff was employed as a teamster/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, allergic contact dermatitis, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

55. Plaintiff Brenda Hendrickson is the spouse of Plaintiff Millard Hendrickson and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a

result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

56. Plaintiff John D. Herron is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

57. Plaintiff Bethany Herron is the spouse of Plaintiff John Herron and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

58. Plaintiff John Jennings is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

59. Plaintiff David Stephen Jimerson is a citizen of Hickman County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure

was at least a substantial factor in causing or aggravating the lung cancer, skin cancer, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

60.    Plaintiff Sherry Jimerson is the spouse of Plaintiff David Stephen Jimerson and is a citizen of Hickman County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

61.    Plaintiff Pete Johsen is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the allergic contact dermatitis, respiratory conditions and possible other diseases suffered by Plaintiff.

62.    Plaintiff Richard L. Johnson is a citizen of Loudon County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

63.    Plaintiff David Jones is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed

to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the COPD and possible other diseases suffered by Plaintiff.

64.     Plaintiff John Jones is a citizen of Loudon County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the skin cancer, asthma, respiratory conditions and possible other diseases suffered by Plaintiff.

65.     Plaintiff Jack Kelley is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

66.     Plaintiff Jeremy Kilby is a citizen of Rhea County, Tennessee. Plaintiff was employed as a teamster/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, asthma, respiratory conditions and possible other diseases suffered by Plaintiff.

67. Plaintiff April Kilby is the spouse of Plaintiff Jeremy Kilby and is a citizen of Rhea County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

68. Plaintiff Linda J. Kitts is the spouse of Robert Wayne Kitts, deceased. Linda J. Kitts is a citizen and resident of Knox County, Tennessee. Robert Wayne Kitts was also a citizen and resident of Knox County, Tennessee prior to his death. Robert Wayne Kitts was a operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Robert Kitts.

69. Plaintiff James LeComte is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, coronary artery disease, allergic contact dermatitis, peripheral neuropathy, asthma, respiratory conditions and possible other diseases suffered by Plaintiff.

70. Plaintiff Debbie Lecomte is the spouse of Plaintiff James LeComte and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result

of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

71.     Plaintiff James W. Ledbetter is a citizen of Roane County, Tennessee. Plaintiff was employed as a operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

72.     Plaintiff Tina Ledbetter is the spouse of Plaintiff James Ledbetter and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

73.     Plaintiff Paul Lowe is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

74.     Plaintiff Joseph Lowry is a citizen of McMinn County, Tennessee. Plaintiff was employed as a teamster/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure

was at least a substantial factor in causing or aggravating the hypertension, allergic contact dermatitis, respiratory conditions and possible other diseases suffered by Plaintiff.

75. Plaintiff Scott McCoy is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

76. Plaintiff Judy Metcalf is the spouse of Darrell Metcalf, deceased. Judy Metcalf is a citizen and resident of Anderson County, Tennessee. Darrell Metcalf was also a citizen and resident of Anderson County, Tennessee prior to his death. Darrell Metcalf was a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Darrell Metchalf.

77. Plaintiff Ronnie Mitchell is a citizen of Knox County, Tennessee. Plaintiff was employed as cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

78.     Plaintiff Thelma Mitchell is the spouse of Plaintiff Ronnie Mitchell and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

79.     Plaintiff Danny Morgan is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the coronary artery disease, allergic contact dermatitis, peripheral neuropathy, asthma, respiratory conditions and possible other diseases suffered by Plaintiff.

80.     Plaintiff Joni Morgan is the spouse of Plaintiff Danny Morgan and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

81.     Plaintiff Russell Morgan is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the coronary artery disease, allergic contact dermatitis, peripheral neuropathy, asthma, respiratory conditions and possible other diseases suffered by Plaintiff.

82.     Plaintiff Steve Pettyjohn is a citizen of Benton County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions and possible other diseases suffered by Plaintiff.

83.     Plaintiff Larry Poindexter is a citizen of Hawkins County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, allergic contact dermatitis, respiratory conditions and possible other diseases suffered by Plaintiff.

84.     Plaintiff Rebecca Poindexter is the spouse of Plaintiff Larry Poindexter and is a citizen of Hawkins County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

85.     Plaintiff John Poindexter is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

86.     Plaintiff Marianne Poindexter is the spouse of Plaintiff John Poindexter and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

87.     Plaintiff Mico Posey is a citizen of Sevier County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

88.     Plaintiff Tiffany Posey is the spouse of Plaintiff Mico Posey and is a citizen of Sevier County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

89.     Plaintiff Justin Sitzlar is a citizen of Roane County, Tennessee. Plaintiff was employed as a teamster/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions and possible other diseases suffered by Plaintiff.

90.     Plaintiff Lindsey Sitzlar is the spouse of Plaintiff Justin Sitzlar and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the

illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

91.    Plaintiff Patricia G. Roysden is a citizen of Anderson County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, peripheral neuropathy, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

92.    Plaintiff Elizabeth Sirene-Workman is a citizen of Montgomery County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the allergic contact dermatitis, asthma, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

93.    Plaintiff Joseph Rood is a citizen of Harrison County, Mississippi. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension and possible other diseases suffered by Plaintiff.

94.     Plaintiff James Roscoe Robinson is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, peripheral neuropathy, allergic contact dermatitis, asthma, COPD, respiratory conditions and possible other diseases suffered by Plaintiff.

95.     Plaintiff Clous Seiber is a citizen of Knox County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the COPD and possible other diseases suffered by Plaintiff.

96.     Plaintiff Ernestine Seiber is the spouse of Plaintiff Clous Seiber and is a citizen of Knox County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

97.     Plaintiff Gary Smith is a citizen of Wayne County, Tennessee. Plaintiff was employed as an deck hand on dredges/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This

exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases suffered by Plaintiff.

98.   Plaintiff Heather Smith is the spouse of Plaintiff Gary Smith and is a citizen of Wayne County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

99.   Plaintiff Samuel Smith is a citizen of Campbell County, Tennessee. Plaintiff was employed as an lead carpenter and inspector/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases suffered by Plaintiff.

100.  Plaintiff Mary Smith is the spouse of Plaintiff Samuel Smith and is a citizen of Campbell County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

101.  Plaintiff Curtis Spradlin is a citizen of Jefferson County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases suffered by Plaintiff.

102.	Plaintiff Kevin Stephens is a citizen of Knox County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases suffered by Plaintiff.

103.	Plaintiff Joseph Tallent is a citizen of Meigs County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the coronary artery disease, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, chronic obstructive pulmonary disease (COPD), respiratory conditions, and possible other diseases suffered by Plaintiff.

104.	Plaintiff Robin Tallent is the spouse of Plaintiff Joseph Tallent and is a citizen of Meigs County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

105.	Plaintiff Bryan Todd is a citizen of Roane County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure

was at least a substantial factor in causing or aggravating the cancer, respiratory conditions, and possible other diseases suffered by Plaintiff.

106. Plaintiff Timothy Terry is a citizen of Scott County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, COPD and possible other diseases suffered by Plaintiff.

107. Plaintiff Frank Tomb is a citizen of Anderson County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, asthma, allergic contact dermatitis, peripheral neuropathy, respiratory conditions, and possible other diseases suffered by Plaintiff.

108. Plaintiff Kathy Tomb is the spouse of Plaintiff Frank Tomb and is a citizen of Anderson County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

109. Plaintiff Leroy Turner is a citizen of Morgan County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious,

fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating respiratory conditions, and possible other diseases suffered by Plaintiff.

110. Plaintiff Brandon Turpin is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the asthma, allergic contact dermatitis, respiratory conditions, and possible other diseases, suffered by Plaintiff.

111. Plaintiff David Weatherford is a citizen of Roane County, Tennessee. Plaintiff was employed as a cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the asthma, coronary artery disease, respiratory conditions, and possible other diseases, suffered by Plaintiff.

112. Plaintiff Missie Weatherford is the spouse of Plaintiff David Weatherford and is a citizen of Blount County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

113. Plaintiff Jason Webb is a citizen of Roane County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious,

fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, peripheral neuropathy, respiratory conditions, and possible other diseases suffered by Plaintiff.

114. Plaintiff Ashley Webb is the spouse of Plaintiff Jason Webb and is a citizen of Roane County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

115. Plaintiff Kirk Wenzel is a citizen of Blount County, Tennessee. Plaintiff was employed as an laborer/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, coronary artery disease, allergic contact dermatitis, respiratory conditions, and possible other diseases suffered by Plaintiff.

116. Plaintiff Janice Wenzel is the spouse of Plaintiff Kirk Wenzel and is a citizen of Blount County, Tennessee. Plaintiff brings this action for loss of consortium as a result of the illnesses suffered by her husband due to his exposure to harmful levels of fly ash as a direct and proximate result of the negligent acts and omissions of Defendant.

117. Plaintiff Jesse West is a citizen of Monroe County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure

was at least a substantial factor in causing or aggravating the hypertension, peripheral neuropathy, respiratory conditions, and possible other diseases suffered by Plaintiff.

118. Plaintiff Elizabeth C. Williams is a citizen of Blount County, Tennessee. Plaintiff was employed as an laborer/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, skin cancer, peripheral neuropathy, asthma, COPD, respiratory conditions, and possible other diseases suffered by Plaintiff.

119. Plaintiff Nic Woods is a citizen of Knox County, Tennessee. Plaintiff was employed as an operator/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the hypertension, respiratory conditions, and possible other diseases suffered by Plaintiff.

120. Plaintiff William Bradshaw Workman is a citizen of Montgomery County, Tennessee. Plaintiff was employed as an project control specialist/cleanup worker during the cleanup of the TVA Kingston Ash Spill and was exposed to harmful levels of fly ash as a direct and proximate result of the malicious, fraudulent, reckless, and/or negligent acts and omissions of Defendant. This exposure was at least a substantial factor in causing or aggravating the respiratory conditions, and possible other diseases suffered by Plaintiff.

121. Defendant Jacobs Engineering Group, Inc. (hereinafter "Jacobs" or "Defendant") is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Dallas, Texas. At all times relevant to this Complaint Jacobs Engineering Group, Inc. was licensed to do business, and was and is doing business, in the State of Tennessee, Roane County.

## FACTUAL ALLEGATIONS

**The Massive Kingston Coal Ash Cleanup**

122. The claims of the Plaintiffs in this case arose as a result of the cleanup of the Tennessee Valley Authority ("TVA") massive coal ash spill, which released approximately 5.4 million cubic yards of coal ash sludge from the Kingston Steam Plant into the Emory River and surrounding land and environs on December 22, 2008. The cleanup began almost immediately, with TVA contracting with various companies to bring in heavy equipment, barges, dredges, and hundreds of workers to remove the coal ash from surrounding properties and from the Emory River and its tributaries.

123. The initial emergency response was coordinated by the United States Environmental Protection Agency ("EPA") and its consultant Tetra Tech. On January 11, 2009, TVA took over the role of lead federal agency for the emergency response and was the lead agency for the subsequent removal and response actions as required by orders from the Tennessee Department of Environment and Conservation ("TDEC") and the EPA. The ash cleanup operations were conducted over a period of 5 years, with November 2014 being the end of the Non-Time Critical Removal Action and TVA certifying in August

2015 that it had completed all the required actions, including ecological restoration actions.

124. Plaintiffs in this case worked in several jobs during the cleanup, some for many years. They operated heavy equipment, such as pan scrapers, front-end loaders, track hoes, dump trucks, and bulldozers, moving coal ash from one place to another, loading it on railroad cars to be shipped to Alabama, and stacking it in a new on-site landfill. They drilled bore holes and monitoring wells in coal ash and took samples of coal ash. They were laborers moving coal ash by shovel and rake. They operated dredge equipment on barges in the Emory River dredging coal ash from the river bottom. They directed traffic on the cleanup site or were flaggers on the roads in and around the site where heavy equipment operated. They cleaned coal ash off vehicles and other equipment before they were permitted to travel the public roads.

125. Jacobs contracted with TVA to be the "independent safety contractor" for the cleanup, so as to provide a safe environment for local community and all workers involved in the cleanup of the toxic coal fly ash, including individual independent contractors such as Plaintiffs. At all times material hereto, Jacobs acted outside the scope of direction and authority conferred by TVA and contrary to the Site Wide Safety and Health Plan (SWSHP) it created and adopted.

**Properties of Coal Ash**

126. Several samples of the coal ash released by TVA were taken by TVA, TDEC, EPA, and third parties, and the following constituents, among others, were determined to be present

in the ash: particulates, respirable particulates, silica-quartz, arsenic, cadmium, chromium, lead, mercury, nickel, radionuclides (Ra,226 Ra,228 isotopes of uranium and thorium), and vanadium. Analyses of the particle sizes of coal ash have found a significant fraction of particles less than 2.5 microns in diameter, often referred to as PM2.5.

127.    Epidemiological studies on exposure to constituents of coal ash show:

a.    Lead in coal ash can cause hypertension.

b.    Arsenic, cadmium, and fine particulate matter in coal ash can cause coronary artery disease.

c.    Arsenic, cadmium, chromium, and fine particulate matter in coal ash can cause lung cancer.

d.    Ionizing radiation in coal ash can cause leukemia.

e.    Arsenic in coal ash can cause non-melanoma skin cancer.

f.    Chromium and nickel in coal ash can cause allergic contact dermatitis (skin allergy).

g.    Arsenic and lead in coal ash can cause peripheral neuropathy.

h.    Chromium, fine particulate matter, nickel, and vanadium in coal ash can cause asthma.

i.    Cadmium and fine particulate matter in coal ash can cause chronic obstructive pulmonary disease.

j.    Fine particulate matter and other coal ash constituents can cause respiratory conditions, including cough, sore throat, dyspnea on exertion, chest pain or discomfort, bronchitis and emphysema.

128. Defendant's own Site Wide Safety and Health Plan (SWSHP) to address the safety and health management and practices for the TVA Kingston Ash Recovery Project contains a section entitled "Chemical Hazards," which lists constituents of fly ash as a chemical hazard and contains a subsection on "Properties of Fly Ash Components." Table 4-2 lists fly ash constituents, routes of exposure, symptoms of exposure, and target organs. Routes of exposure for the constituents include inhalation, skin contact, eye contact, and ingestion. Symptoms of exposure associated with fly ash constituents include irritation of the eyes, skin, throat, nose and upper respiratory system, cough, dyspnea, wheezing, progressive respiratory symptoms (silieosis), dizziness, headache, nausea, vomiting, diarrhea, stomach cramps, insomnia, anorexia, ulceration of nasal septum, dermatitis, gastrointestinal disturbance, peripheral neuropathy, skin burns, gastroenteritis, muscle spasm, slow pulse, extrasystoles, hypokalemia, pulmonary edema, breathing difficulty, chest tightness substernal (occurring beneath the sternum), pain, headache, chills, muscle aches, anosmia (loss of the sense of smell), emphysema, proteinuria, mild anemia, cancer, fibrosis (histologic), decreased pulmonary function, weight loss, dermatitis, diffuse nodular fibrosis, respiratory hypersensitivity, asthma, lassitude, weakness, exhaustion, insomnia, facial pallor, anorexia, weight loss, malnutrition, constipation, abdominal pain, colic, anemia, tremor, paralysis wrist ankles, encephalopathy, kidney disease, hypertension, and sensitization dermatitis.

**Exposure**

129.    The one constant for the Plaintiffs in their years of employment as coal ash cleanup workers was their exposure to coal fly ash. Most of the Plaintiffs worked in the so-called "exclusion zone," which was where the ash cleanup activities were the most intense.

130.    Plaintiffs were frequently exposed to clouds of fly ash on the site as a result of site activities, which they inhaled.

131.    Plaintiffs' clothing was covered with fly ash which exposed their skin to fly ash and its toxic constituents.

132.    The interior of the earth moving equipment Plaintiffs operated was covered in fly ash, which they inhaled.

133.    Plaintiffs were not permitted to change clothes or shower at the ash recovery site, and, as a result they carried fly ash on their clothes and shoes into their personal vehicles and into their homes.

134.    Plaintiffs' exposure to fly ash was excessive and exceeded any safe levels for particulate matter and for exposure to fly ash constituents.

**Monitoring**

135.    Because of the range of serious illnesses that coal ash and its constituents are capable of causing, Defendant Jacobs was required to implement a monitoring program to protect the health of the cleanup workers.

136.    The monitoring was deliberately manipulated by Defendant to allow Defendant to claim that no workers were exposed to dangerous levels of fly ash.

137. Workers stationed in the exclusion zone, where ash was never suppressed and was constantly airborne would not be selected for mobile monitoring. Had these workers been allowed to wear the mobile monitors, the readings of toxic constituents would have been high.

138. Had the air monitoring readings at the site revealed high levels of toxic constituents, work on site would have stopped. As such, the monitoring was intentionally manipulated to prevent the stoppage of work and to meet deadlines for remediation progress.

139. In addition, the monitoring was manipulated in an effort to deceive the residents of the surrounding county and the workers on site into believing that the air quality was safe.

140. Defendant's own documents also show frequent high levels of coal ash dust on the ash spill site, which would have produced higher exposure to Plaintiffs than shown by the monitoring results.

141. Jacobs manipulated monitoring results by watering down stationary monitors and taking readings only when wet or raining.

142. Jacobs did not randomly select workers for mobile monitoring of coal fly ash exposure.

143. Jacobs deliberately tampered with personal dust monitors by tapping out the contents.


**Jacobs' Additional Negligent Acts and Omissions**

144. Jacobs failed to provide decontamination stations for workers;

145. Jacobs did not allow workers to wear dust masks, threatening to fire those who did, taking dust masks away from employees who wore them, and destroying dust masks that were available on the site.

146.    Jacobs did not warn workers about the dangers of exposure to fly ash.

147.    In fact, Jacobs deliberately told workers they could safely "eat a pound of fly ash every day," which is not true.

148.    Jacobs failed to train employees/independent contractors/subcontractors in applicable policies or procedures for working at the Site and for day-to-day safety for health, operations and management.

149.    Jacobs failed to implement provisions of its contract with TVA for the protection of Plaintiffs from fly ash exposure.

150.    Jacobs failed to implement provisions of the approved Sitewide Safety and Health Plan (SWSHP) for protection of Plaintiffs.

151.    Jacobs failed to hire employees with appropriate health and safety knowledge regarding fly ash to protect the Plaintiffs and failed to adequately train and supervise these employees in conducting their responsibilities.

152.    Jacobs failed to provide measures required by contract and approved plans to prevent coal fly ash dust from becoming airborne on the Site creating excessive exposure of Plaintiffs.

153.    Jacobs failed to comply with approved plans by continuing fly ash cleanup work during high wind events resulting in excessive exposure to Plaintiffs.


**Governmental Contractor Immunity**

154.    TVA's cleanup of the fly ash at the Kingston site constituted a commercial activity, because it resulted from TVA's generation and sale of electricity, which is a commercial

activity. Defendant is not immune from suit under any theory of government contractor derivative immunity, because TVA is not immune from suit for its commercial activities.

155.   Even if TVA were immune from suit in its cleanup of coal ash released from the generation of electricity, Jacobs is not immune from suit because it acted contrary to the will of TVA by:

a.   Deliberately manipulating or tampering with monitoring results or processes;

b.   Failing to inform TVA safety officials or repeated complaints regarding health problems due to fly ash;

c.   Failing to comply with the provisions of the Health and Safety Plan with respect to voluntary use of dust masks;

d.   Threatening workers when they asked for dust masks or respirators;

e.   Communicating to workers that fly ash was safe to consume; and

f.   Otherwise failing to train or warn workers about the dangers of excessive fly-ash exposure.

**Statute of Limitations**

156.   Defendant is expected to raise an affirmative defense of the statute of limitations for the claims in this First Amended Complaint. Plaintiffs are not required to negate that affirmative defense in their complaint.  Furthermore, the Plaintiffs' claims are not barred by the statute of limitations because the Defendant has misrepresented, concealed and obfuscated the dangers faced in exposure to fly ash (also referred to as coal ash) in its work at the Kingston disaster remediation site.

157.   Under Tennessee law the statute of limitations is tolled until the plaintiff becomes aware of facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of the defendant's wrongful conduct. The question of whether an individual plaintiff exercised reasonable care and diligence to discover his claims is a factual question for the finder of fact.

158.   Each Plaintiff listed in this First Amended Complaint exercised reasonable care and diligence to discover their injury and whether it was caused or contributed to by Defendant's negligent conduct. Many of them consulted physicians in an attempt to determine whether their illnesses were caused or contributed to by their exposure to fly ash and its constituents. They ultimately consulted with attorneys who investigated the facts and filed this lawsuit. Despite the exercise of reasonable care and diligence, each Plaintiff was unable determine that their illness was caused or contributed to by Defendant's negligent conduct until less than one year before the original Complaint was filed in this case.

159.   Defendant had a duty under the Occupational Safety and Health Act (OSHA) and regulations and under the Sitewide Health and Safety Plan (SWHSP) to disclose facts to Plaintiffs concerning the extent of their exposure to fly ash and the health effects that can be caused by excessive exposure to fly ash and its constituents. Instead, Defendant took affirmative steps to conceal facts that gave rise to Plaintiffs' causes of action, including deliberately manipulating monitoring tests to hide the excessive exposure of Plaintiffs to fly ash, communicating to Plaintiffs that test results showed safe levels of fly ash,

communicating to Plaintiffs that fly ash was safe to consume, and otherwise failing to train or warn workers about the dangers of excessive fly ash exposure.

160. To this day, Defendant continues to publicly deny that Plaintiffs were exposed to excessive amounts of fly ash and that any of their illnesses could have been caused by their exposure.

161. Each Plaintiff reasonably and justifiably relied upon Defendant's affirmative misrepresentations about their exposure to fly ash and the lack of health effects from that exposure.

162. Defendant's failure to provide information to Plaintiffs that it was under a duty to disclose renders its failure to disclose known facts fraudulent.


## COUNT ONE: NEGLIGENCE

163. Plaintiffs refer to and reallege Paragraphs 1-162 of this First Amended Complaint and incorporate them by reference as though fully set forth herein.

164. Defendant owed a duty of care to the Plaintiffs to prevent the Plaintiffs at the Kingston site from being exposed to potentially harmful levels of fly ash or any constituent element found in fly ash. These obligations included, as provided in the TVA contract and the Sitewide Health and Safety Plan: (1) air monitoring; (2) dust control; (3) the use of personal protective equipment at the site; and, (4) worker training. Defendant owed a duty to the Plaintiffs to exercise reasonable care in providing these services.

165. During a full and fair jury trial in the U.S. District Court for the Eastern District of Tennessee in *Adkisson, et al., v. Jacobs Engineering Group, Inc.*, No. 3:13-CV-505,

testimony showed the following: that Jacobs Safety Manager Tom Bock said you could eat the ash for breakfast and that the workers did not need dust masks because the ash was not harmful; Mr. Bock from Jacobs told a labor supervisor that laborers could not wear masks on the site; Mr. Bock told workers to collect any dust masks and get them off of the site; Jacobs banged out filters from the personal air monitors thus altering results; witnesses saw Jacobs tampering with the tests and that Jacobs told them that the ash was safe; Mr. Bock told workers the fly ash was not harmful and it was safe to eat or drink; the stationary air monitors were washed because they were getting high readings -a picture at the Adkisson trial showed a water truck spraying off trees and air monitors; Jacobs Safety Manager Tom Bock told one witness that the public could not know about the dust and that if a mask was brought from home, the worker would be terminated; Tom Bock would not allow masks at the site, told workers at the safety meeting the ash was safe and had masks gathered and thrown away; supervisors were told by Mr. Bock told to let the workers know that the ash was safe - that you could eat it and it would not hurt you; workers had no reason to question Jacobs - Jacobs told the workers that you could eat a pound of eat a day and that the site was safe. Further, during the trial, Defendant exercised its opportunity to present witnesses and exhibits and to cross examine plaintiffs' witnesses. In its verdict, the jury found:

a. Plaintiffs have proved, by a preponderance of the evidence, that Defendant failed to adhere to the terms of its contract with TVA, or the requirements set forth in the site wide safety and health plan for the Kingston site;

b. Plaintiffs have proved, by a preponderance of the evidence, that Defendant failed to exercise reasonable care in carrying out the duties that it owed to the Plaintiffs;

c. Plaintiffs have proved, by a preponderance of the evidence, that Defendant's breach of duty was capable of causing the following injuries or illnesses alleged by the Plaintiffs: hypertension, coronary artery disease, lung cancer, leukemia and other hematologic malignancies, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, chronic obstructive pulmonary disease, and respiratory conditions, including cough, sore throat, dyspnea on exertion, chest pain or discomfort, bronchitis and emphysema.

166.  The jury verdict was entered by this Court.

167.  Through offensive collateral estoppel these jury findings are binding on Defendant in this case and cannot be contested by Defendant.

168.  Defendant breached its duties to Plaintiffs by, among other acts or omissions:

a. failing to randomly select workers for mobile monitoring of coal fly ash exposure;

b. deliberately manipulating the monitoring results of coal fly ash exposure;

c. failing to inform TVA safety officials of repeated complaints regarding health problems due to fly ash;

d. failing to honor prescriptions for dust masks or respirators;

e. falsely communicating to Plaintiffs that fly ash was safe to consume;

f. threatening Plaintiffs when they asked for dust masks or respirators.

g.  failing to train employees/independent contractors/subcontractors in applicable policies or procedures for working at the Site and for day-to-day safety for health, operations and management;

h.  failing to implement provisions of its contract with TVA for the protection of Plaintiffs from fly ash exposure;

i.  failing to implement provisions of the approved Sitewide Safety and Health Plan (SWSHP) for protection of Plaintiffs;

j.  failing to hire employees with appropriate health and safety knowledge regarding fly ash to protect the Plaintiffs and failed to adequately train and supervise these employees in conducting their responsibilities;

k.  improperly destroying personal protective equipment that could have been used by the Plaintiffs and retaliating against Plaintiffs seeking to use it;

l.  failing to provide measures required by contract and approved plans to prevent coal fly ash dust from becoming airborne on the Site creating excessive exposure of Plaintiffs; and

m.  failing to comply with approved plans by continuing fly ash cleanup work during high wind events resulting in excessive exposure to Plaintiffs.

169.  Each of the breaches of duty set out above were a cause in fact and proximate cause of illnesses and damages to Plaintiffs. The breaches resulted in Plaintiffs' excessive exposure to coal fly ash and its constituents which are capable of causing Plaintiffs' illnesses and damages. Each Plaintiff's exposure to coal fly ash was a substantial factor in causing their illnesses and/or aggravating preexisting illnesses and conditions, including

hypertension, coronary artery disease, lung cancer, leukemia and other hematologic malignancies, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, chronic obstructive pulmonary disease, and respiratory conditions, including cough, sore throat, dyspnea on exertion, chest pain or discomfort, bronchitis and emphysema.

170. As a proximate result of Defendant's negligent acts or omissions, each Plaintiff has suffered damages and will suffer damages in the future, including past medical expenses, future medical expenses, past loss of income, future loss of income, pain and suffering, and loss of quality of life.

## COUNT TWO: NEGLIGENT MISREPRESENTATION

171. Plaintiffs refer to and reallege Paragraphs 1-170 of this First Amended Complaint and incorporate them by reference as though fully set forth herein.

172. At all times relevant hereto, Jacobs was acting in the scope and course of its business and pursuant to a contract with TVA for the cleanup of toxic coal fly ash at the Kingston site pursuant to which it had a pecuniary interest.

173. Jacobs represented to Plaintiffs that the fly ash at the Kingston site did not contain toxic constituents or hazardous substances and was otherwise safe.

174. Jacobs made these material representations of fact so that Plaintiffs would commence and/or continue to work on the Kingston site and do so without respirators or personal protective equipment.

175. Jacobs knew that these representations about the lack of toxicity of the coal fly ash was false and/or did not exercise reasonable care in obtaining or communicating the information.

176. Despite having a duty to do so, Jacobs failed to exercise reasonable care in its representations to Plaintiffs.

177. Plaintiffs reasonably and justifiably relied on Jacobs' representations that the toxic fly ash at the Kingston site was safe thereby resulting in Plaintiffs' excessive exposure to coal fly ash and its constituents which are capable of causing Plaintiffs' illnesses and damages, and Plaintiffs have suffered damages as a proximate result thereof.

178. Each Plaintiff's exposure to coal fly ash was a substantial factor in causing their illnesses and/or aggravating preexisting illnesses and conditions, including hypertension, coronary artery disease, lung cancer, leukemia and other hematologic malignancies, skin cancer, allergic contact dermatitis, peripheral neuropathy, asthma, chronic obstructive pulmonary disease, and respiratory conditions, including cough, sore throat, dyspnea on exertion, chest pain or discomfort, bronchitis and emphysema.

179. As a proximate result of Defendant's negligent misrepresentation, each Plaintiff has suffered damages and will suffer damages in the future, including past medical expenses, future medical expenses, past loss of income, future loss of income, pain and suffering, and loss of quality of life.

## COUNT THREE: FRAUDULENT/INTENTIONAL MISREPRESENTATION

180. Plaintiffs refer to and reallege Paragraphs 1-179 of this First Amended Complaint and incorporate them by reference as though fully set forth herein.

181. At all times relevant hereto, Jacobs was acting in the scope and course of its business and pursuant to a contract with TVA for the cleanup of toxic fly ash at the Kingston site pursuant to which it had a pecuniary interest.

182. Jacobs represented to Plaintiffs that the fly ash at the Kingston site did not contain toxic constituents or other hazardous substances and was otherwise safe.

183. Jacobs made these material representations of fact so that Plaintiffs would commence and/or continue to work on the Kingston site and do so without respirators or personal protective equipment.

184. Jacobs knowingly and recklessly made these material representations about the toxicity of fly ash to the Plaintiffs, or without belief in their truth.

185. Despite having a duty to do so, Jacobs failed to exercise reasonable care in its representations to Plaintiffs.

186. Jacobs knew that these material representations about the toxic coal fly ash were false at the time it made them to the Plaintiffs, or acted with reckless disregard as to whether or not these material representations were false.

187. Plaintiffs reasonably relied on Jacobs' material representations that the toxic fly ash at the Kingston site was safe thereby resulting in Plaintiffs' excessive exposure to coal fly ash and its constituents which are capable of causing Plaintiffs' illnesses and damages, and Plaintiffs have suffered damages as a proximate result thereof.

188. Each Plaintiff's exposure to coal fly ash was a substantial factor in causing their illnesses and/or aggravating preexisting illnesses and conditions, including hypertension, coronary artery disease, lung cancer, leukemia and other hematologic malignancies, skin cancer,

allergic contact dermatitis, peripheral neuropathy, asthma, chronic obstructive pulmonary disease, and respiratory conditions, including cough, sore throat, dyspnea on exertion, chest pain or discomfort, bronchitis and emphysema.

189. As a proximate result of Defendant's intentional misrepresentation, each Plaintiff has suffered damages and will suffer damages in the future, including past medical expenses, future medical expenses, past loss of income, future loss of income, pain and suffering, and loss of quality of life.

## COUNT FOUR: PUNITIVE DAMAGES

190. Plaintiffs refer to and reallege Paragraphs 1-189 of this First Amended Complaint and incorporate them by reference as though fully set forth herein.

191. Jacobs acted maliciously, fraudulently and recklessly in exposing Plaintiffs to excessive amounts of coal fly ash, in deliberately manipulating or tampering with monitoring results or processes, in threatening workers when they asked for dust masks or respirators, and by falsely communicating to workers that fly ash was safe to consume.

192. Jacobs intentionally falsified, destroyed or concealed records containing material evidence with the purpose of wrongfully evading liability in this case, including tampering with monitoring results.

193. Jacobs failed to comply with applicable federal and state regulations setting forth specific standards applicable to its coal ash cleanup and intended to protect Plaintiffs, including OSHA rules, the EPA Administrative Order and Agreement on Consent, the TVA contract, and the Sitewide Health and Safety Plan.

194. As a result of Jacobs' malicious, fraudulent, and reckless acts, each Plaintiff is entitled to recover punitive damages from Jacobs.

WHEREFORE, Plaintiffs and members of the above proposed Class respectfully request this Court to grant the following relief:

    a.  Award each Plaintiff an amount exceeding $75,000 sufficient to compensate them for their damages for past medical expenses, future medical expenses, past loss of income, future loss of income, pain and suffering, and loss of quality of life.

    b.  Award punitive damages to each Plaintiff in an amount sufficient to punish Jacobs and deter similar misconduct in the future by Jacobs and others.

    c.  Award attorney fees and costs and expenses incurred in connection with the litigation of this matter.

    d.  Award such other and further relief as this Court may deem just, proper, and equitable.

A JURY IS DEMANDED TO TRY THIS CASE.

Respectfully submitted this 3rd day of September, 2019.

/s/ John B. Dupree
John Dupree
Bridgefront Law Group, PLLC
616 W. Hill Ave., 2d Floor
Knoxville, TN  37902
(865) 223-5184

/s/ James K. Scott
Market Street Law,  PLLC
625 Market Street, 7th Floor
Knoxville, TN 37902
(865) 888-9995

/s/ Keith D. Stewart
Keith D. Stewart
Market Street Law,  PLLC
625 Market Street, 7th Floor
Knoxville, TN 37902
(865) 245-0989


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 3, 2019, a copy of the foregoing was filed electronically.  Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S Mail.  Parties may access the filing through the Court's electronic filing system.


BY:    /s/ John B. Dupree
       Attorney for Plaintiffs